# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | |
|---|---|
| LINDA CONTRERAS and RAQUEL ARCINIEGA<br><br>Plaintiffs,<br><br>v.<br><br>UNITED HEALTHCARE INSURANCE COMPANY,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ CIVIL ACTION NO. _____ |

## DEFENDANT'S NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT defendant United HealthCare Insurance Company ("United HealthCare") hereby gives notice of removal of the above-described action from the 141st Judicial District Court in and for the County of Tarrant to the United States District Court for the Northern District of Texas, Fort Worth Division, pursuant to 28 U.S.C. § 1441, and respectfully alleges as follows:

## FACTUAL BACKGROUND AND BASIS FOR REMOVAL

1. Jurisdiction of this action is founded upon 28 U.S.C. § 1331, as the action arises under a law of the United States (Employee Retirement Income Security Act, 29 U.S.C. § 1001, et seq.).

2. On or about March 1, 2021, plaintiffs filed a complaint in the 141st Judicial Court of the State of Texas, County of Tarrant, bearing Case No. 141-323717-21, and naming as defendant United HealthCare. Plaintiffs allege that Defendant wrongly denied coverage of a

death benefit claim submitted through an employee group plan.[1] Plaintiffs further alleges that the plan in question is an employer funded ERISA plan.[2] Additionally, plaintiffs plead "in the alternative" that the action arises under ERISA.[3]

3.  Defendant United HealthCare first received a copy of the complaint on March 15, 2021. A true and correct copy of plaintiffs' complaint, the summons, and the other documents received by defendant United Healthcare on that date are attached hereto as Exhibit A.

4.  Defendant United HealthCare has not filed an answer or otherwise responded to the Petition. No proceedings have been had in the 141st Judicial District Court of the State of Texas, County of Tarrant following receipt of the petition. No other defendant has filed an answer or otherwise responded to the complaint.

5.  This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1331, and is one which may be removed to this Court by defendants pursuant to the provisions of 28 U.S.C. § 1441(b), in that it arises under the provisions of the Employee Retirement Income Security Act, 29 U.S.C. § 1001, et seq. ("ERISA").

## FEDERAL QUESTION JURISDICTION

6.  This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1331, because this case involves a federal question. Specifically, Plaintiff's claims arise under and/or are preempted by federal law, specifically ERISA.

7.  Pursuant to 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over Plaintiff's additional state law claims, if any, because those claims arise out of the same set of operative facts as Plaintiff's claims which give rise to a federal question under ERISA, and are so related to those claims as to form part of the same case or controversy.

8.  A state court complaint seeking recovery of benefits under an ERISA covered

---

[1] See Plaintiffs' Original Petition at paras. 10-16
[2] Id. at paras. 20-21.
[3] Id. at I.B.

plan is subject to removal to federal court, even if the complaint does not invoke ERISA on its face. *Metropolitan Life Insurance Co. v. Taylor*, 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987); *Buster v. Greisen, Head & Ratchye*, 104 F.3d 1186 (9th Cir. 1997), cert. den'd, 522 U.S. 981, 118 S.Ct. 441, 139 L.Ed.2d 378 (1987). Plaintiffs seek benefits under such an ERISA covered plan and indeed plead "in the alternative" that the action arises under ERISA.

## COMPLIANCE WITH PROCEDURAL REQUIREMENTS

9. Pursuant to 28 U.S.C. § 1446(b) this Notice of Removal is being filed within thirty (30) days after receipt by Defendant of a copy of the first pleading, motion, order, or other paper from which it could be ascertained that the case is one which is removable.

10. Pursuant to 28 U.S.C. § 1446(d), Defendant has given written notice of filing of this Notice of Removal to Plaintiff and has filed a copy of this Notice of Removal with the clerk of the 141st Judicial District Court, for the County of Tarrant, State of Texas.

11. Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81.1, copies of all processes, pleadings, and orders filed with the state court, together with an index of such documents, are attached as Exhibit B.

12. Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81.1, attached hereto as Exhibit C is a copy of the docket sheet in the state court action.

13. Pursuant to Local Rule 81.1, attached hereto as Exhibit D is a separately signed Certificate of Interested Persons.

## CONCLUSION

14. WHEREFORE, defendant United HealthCare gives notice that the above action, now pending against them in the 141st Judicial District Court of the State of Texas, County of Tarrant, has been removed therefrom to this Court on the grounds of a federal question.

HINSHAW & CULBERTSON LLP

By: /s/Kyle A. Ferachi
    Kyle A. Ferachi
    Texas Bar No. 24072624
    kferachi@hinshawlaw.com
    1980 Post Oak Blvd., Suite 100
    Houston, TX 77056
    Tel: 346-344-4500

    Sandra Benyamin
    Texas Bar No. 24116099
    sbenyamin@hinshawlaw.com
    1980 Post Oak Blvd., Suite 100
    Houston, TX  77056
    Tel: 346-344-4503

ATTORNEYS FOR UNITED HEALTHCARE INSURANCE COMPANY

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument was sent to counsel for Plaintiffs, Mark Humphreys, Mark Humphreys, P.C., 702 Dalworth Street, Grand Prairie, Texas, 75050, via Certified Mail, Return Receipt Requested, this 13th day of April, 2021.

/s/Kyle A. Ferachi
Kyle A. Ferachi

1040316\307862001.v1