CEJA LAW OFFICE
702 Dalworth Street
Grand Prairie TX 75050

7020 2450 0000 5586 1807

United Healthcare Insurance Co.
B/S C.T. Corporation System
350 N. Saint Paul St Ste 2880
Dallas TX 75201-4233



EXHIBIT A

Case 4:21-cv-00536-O Document 1-1 Filed 04/13/21 Page 1 of 12 PageID 5

$6.96
US POSTAGE
FIRST-CLASS
FROM 75050
03/04/2021
stamps
endicia

# THE STATE OF TEXAS
## DISTRICT COURT, TARRANT COUNTY

## CITATION                              Cause No. 141-323717-21

### LINDA CONTRERAS, ET AL
### VS.
### UNITED HEALTHCARE INSURANCE COMPANY

**TO: UNITED HEALTHCARE INSURANCE COMPANY**

B/S CT CORPORATION SYSTEM 350 N ST PAUL ST DALLAS, TX 75201-

```
You said DEFENDANT are hereby commanded to appear by filing a written answer to the PLAINTIFFS' ORIGINAL PETITION
at or before 10 o'clock A.M. of the Monday next after
the expiration of 20 days after the date of service hereof before the 141st District Court
,100 N CALHOUN, in and for Tarrant County, Texas, at the Courthouse in the City of Fort Worth, Tarrant County, Texas
said PLAINTIFFS being

LINDA CONTRERAS, RAQUEL ARCINIEGA

Filed in said Court on March 1st, 2021 Against
UNITED HEALTHCARE INSURANCE COMPANY

For suit, said suit being numbered 141-323717-21 the nature of which demand is as shown on said
PLAINTIFFS' ORIGINAL PETITION a copy of which accompanies this citation.
```

### MARK S HUMPHREYS
Attorney for LINDA CONTRERAS Phone No. (972)263-3722
Address    702 DALWORTH ST GRAND PRAIRIE, TX 75050

_____Thomas A. Wilder_____, Clerk of the District Court of Tarrant County, Texas. Given under my hand and the seal of said Court, at office in the City of Fort Worth, this the 2nd day of March, 2021.

By _____Natalie Thigpen_____
   NATALIE THIGPEN

A CERTIFIED COPY
ATTEST: 03/02/2021
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Natalie Thigpen

**NOTICE:** You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 AM. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

Thomas A. Wilder, Tarrant County District Clerk, 100 N CALHOUN, FORT WORTH TX 76196-0402

## OFFICER'S RETURN  *14132371721000003*

```
Received this Citation on the _____ day of _____, _____ at _____ o'clock ___M; and executed at
_____ within the county of _____, State of _____ at _____ o'clock ___M
on the _____ day of _____, _____ by delivering to the within named (Def.): _____
defendant(s), a true copy of this Citation together with the accompanying copy of PLAINTIFFS' ORIGINAL PETITION
, having first endorsed on same the date of delivery.


         Authorized Person/Constable/Sheriff: _____
         County of _____ State of_____ By _____ Deputy
Fees $_____
State of _____ County of _____ (Must be verified if served outside the State of Texas)
Signed and sworn to by the said _____ before me this _____ day of _____, ____
to certify which witness my hand and seal of office
(Seal)                                   _____
                         County of _____, State of _____
```

Cause No. 141-323717-21

LINDA CONTRERAS, ET AL

VS.

UNITED HEALTHCARE INSURANCE COMPANY

ISSUED

This 2nd day of March, 2021

Thomas A. Wilder
Tarrant County District Clerk
100 N CALHOUN
FORT WORTH TX 76196-0402

By         NATALIE THIGPEN Deputy



MARK S HUMPHREYS
Attorney for: LINDA CONTRERAS
Phone No. (972)263-3722
ADDRESS: 702 DALWORTH ST

GRAND PRAIRIE, TX 75050

*CIVIL LAW*



*14132371721000003*
SERVICE FEES NOT COLLECTED
BY TARRANT COUNTY DISTRICT CLERK
ORIGINAL

FILED
TARRANT COUNTY
3/1/2021 2:26 PM
THOMAS A. WILDER
DISTRICT CLERK

Cause No. 141-323717-21 _____

| | | |
|---|---|---|
| Linda Contreras and Raquel Arciniega | § § | In the \_\_\_\_\_ Judicial |
| V. | § § | District Court of |
| United Healthcare Insurance Company | § | Tarrant County, Texas |

## PLAINTIFFS' ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES Linda Contreras (909 / 008) and Raquel Arciniega (358 / 313) (hereinafter **Plaintiffs**) complaining of and about **United Healthcare Insurance Company** and for cause of action shows unto the Court the following:

### JURISDICTION

1. The matter in controversy is less than $250,000.00 and discovery is to be conducted under Level 1.

### SERVICE

2. Defendant **United Healthcare Insurance Company** (hereinafter **United**) is an insurance company, doing business in the State of Texas. Said Defendant can be served through its attorney for service:

**C.T. Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201**.

### VENUE

3. Venue is proper in this county in that it is where the beneficiaries of the life insurance policy at issue in this case reside.

### AGENCY AND VICARIOUS LIABILITY

4. Whenever in this Petition it is alleged that Defendant did any act or thing or omission, it is meant that Defendant, its officers, agents, employees, or representatives did such act or thing or omission and that at the time such act or thing was done, it was done with the full authorization or ratification of Defendant or was done in the normal and routine course and scope of employment of Defendant, its officers, agents, employees, or representatives.

### WRITTEN NOTICE GIVEN

5. Plaintiff has fully complied with all of the conditions precedent prior to bringing this suit.

6. Notice letter was issued August 4, 2020, and this lawsuit is being filed after the expiration of 60 days.

---

**Plaintiffs' Original Petition** - Page 1

## FACTS

7.  JBI Electrical Systems, Inc. (JBI) employed Hector Martinez (Hector) and provided insurance benefits as part of its way of compensating employees who worked for them.

8.  The policy number is 306191.

9.  The insured employee in this case is Hector.

10. The insurer for JBI and thus, Hector is United Healthcare Insurance Company (United).

11. Hector had two types of life insurance coverage:

   a) One coverage: **Basic Life** applies in the event of his death with some exclusions, not applicable here, and provides coverage in the amount of $25,000.00, according to page number 1 of the policy.

   b) The other is coverage: **Basic Accidental Death** also provides coverage in the amount of $25,000.00, according to page number 1 of the policy.

12. Page 25 of the policy adds an additional 10% coverage for an accidental death if the insured were wearing a seat belt at the time of the accident causing death.

13. Hector was wearing his seat belt at the time of his death.

14. The beneficiaries under both policies are Plaintiffs Linda Contreras (Linda) and Raquel Arciniega (Raquel).

15. Hector was killed in a car accident on February 18, 2020.  Thus, both life insurance coverages apply to his death.

16. Linda and Raquel made claims for policy benefits and cooperated with the investigation of the claim.

17. In a written correspondence dated July 9, 2020, the claims for benefits were denied based on the assertion that Hector was not a full time employee as defined under the policy and that coverage would not have taken effect until March 1, 2020, which resulted in there being no coverage at the time of death on February 18, 2020.

18. The payroll records for Hector Martinez provided by JBI show that Hector worked the following hours in the following pay periods: (see enclosed payroll receipts from JBI)

   Pay Period ending:

   a) July 21, 2019        -  38.00 hours
   b) July 28, 2019        -  40.00 hours
   c) August 04, 2019      -  31.53 hours
   d) August 11, 2019      -  39.58 hours
   e) August 18, 2019      -  32.14 hours
   f) August 25, 2019      -  40.25 hours
   g) September 1, 2019    -  35.45 hours
   h) September 8, 2019    -  8.32 hours
   i) September 15, 2019   -  30.33 hours
   j) September 22, 2019   -  48.00 hours
   k) September 29, 2019   -  54.50 hours
   l) October 6, 2019      -  57.75 hours
   m) October 13, 2019     -  47.25 hours?
   n) October 13, 20.19    -  41.50 hours?
   o) October 20, 2019     -  52.00 hours
   p) October 27, 2019     -  46.00 hours
   q) November 3, 2019     -  36.15 hours
   r) November 10, 2019    -  25.15 hours
   s) November 17, 2019    -  40.75 hours
   t) November 24, 2019    -  40.75 hours
   u) December 1, 2019     -  24.00 hours
   v) December 8, 2019     -  27.72 hours

| | | | | | | |
|---|---|---|---|---|---|---|
| w) | December 15, 2019 | - | 23.73 hours? | cc) January 12, 2020 | - | 19.13 hours |
| x) | December 15, 2019 | - | 23.73 hours? | dd) January 19, 2020 | - | 40.25 hours |
| y) | December 15, 2019 | - | 23.73 hours? | ee) January 26, 2020 | - | 35.26 hours |
| z) | December 22, 2019 | - | 8.00 hours | ff) February 02, 2020 | - | 40.75 hours |
| aa) | December 29, 2019 | - | 13.75 hours | gg) February 09, 2020 | - | 34.99 hours |
| bb) | January 5, 2019 | - | 13.13 hours | hh) February 16, 2020 | - | 43.43 hours |

31 weeks   -   22 worked over 30 hours  (More than 2/3 of the time was considered full time)

19.   Pursuant to the policy "Employees are considered full-time if they customarily work: 30 hours per week" and that "An Employees is eligible for insurance on the later of the following dates: 1. The Group Policy's Effective Date March 1, 2019. 2. The first day of the month following the date the Employee completes 30 days of continuous employment with the Policyholder."

20.   The pay records show that Hector was customarily working 30 hours per week beginning the date he was hired, July 15, 2020, thus, the latest he would have coverage is September 1, 2020.

21.   The denial letter represents that the policy at issue is governed by ERISA.

22.   The plan, or at least the portion related to the life insurance coverages at issue here, are not self-funded. Rather, the employer funds them.

23.   All Administrative appeals have been exhausted.

**VIOLATIONS OF THE TEXAS INSURANCE CODE**

24.   Plaintiff incorporates herein all the FACTS as set forth above.

25.   Defendant's conduct in this matter appears to be in violation of numerous laws, including but not limited to Texas Insurance Code (TIC), as follows:

   a) TIC § 541.060(a)(1):   United violated this section by misrepresenting to a claimant a material fact relating to coverage at issue by telling claimant there is no coverage because he was not considered a full time employee when in fact he was.

   b) TIC § 541.060(a)(2)(A):   United violated this section by failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear in that research would show that Hector was considered a full time employee by way of the policy and thus the claim should have been timely paid.

   c) TIC § 541.060(a)(3):   United violated this section by failing to provide a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for denial of a claim, i.e., the explanation given is wrong as can be seen from the payroll records of Hector.

   d) TIC § 541.060(a)(4):   United violated this section by failing to within a reasonable time to affirm or deny coverage of a claim to a policyholder in that it took more than 5 months to make a decision on the claim when the decision should have been made within 60 days or May 1, 2020, at the latest.

e) <u>TIC § 541.060(a)(7)</u>:   United violated this section by refusing to pay a claim without conducting a reasonable investigation with respect to the claim in that a reasonable investigation would show the FACTS set forth above.

**BREACH OF CONTRACT**

26. Plaintiff incorporates herein all the FACTS as set forth above.

27. Defendant's conduct in this matter appears to be in Breach of Contract.

28. There is a valid, enforceable contract of insurance between Linda and Raquel as third party beneficiaries and United.

29. Linda and Raquel are proper parties to bring this lawsuit against United.

30. Linda and Raquel have performed under the contract by paying premiums and cooperating with the investigation and supplying necessary information.

31. United breached the contract by not providing benefits.

32. The breach of the contract has caused injury to Linda and Raquel.

**PROMPT PAYMENT OF CLAIMS ACT**

33. Plaintiff incorporates herein all the FACTS as set forth above.

34. Defendant had all the information needed to pay Plaintiff's claim on or before July 9, 2020. As a result, this claim should have been accepted and paid by July 16, 2020.

35. Defendant is liable as penalty at an interest of 18% a year on the policy benefits plus attorneys' fees.

**DAMAGES**

36. Plaintiff incorporates herein all the FACTS as set forth above.

37. Plaintiff sustained the following economic and actual damages as a result of the actions and/or omissions of Defendant described herein:

   a) Actual damages.

   b) $10,000.00      - Exemplary damages due to the knowing and intentional conduct on your part.

   c) $5,000.00       - Mental anguish damages resulting from your conduct.

   d) $????.??        - Penalty at 18%, from May 1, 2020, on actual damages until paid.

### USE OF DOCUMENTS

38. NOTICE pursuant to Rule § 196, you are hereby given Notice that all documents produced by you in response to this Request for Production may be used at the trial of this cause pursuant to Rule 196, Texas Rules of Civil Procedure.

39. Pursuant to Rule §193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby gives notice to the Defendant that Plaintiff intends to use all documents exchanged and produced between the parties (including, but not limited to, correspondence, pleadings, records, and discovery responses) during the trial of this matter.

### ATTORNEY'S FEES

40. Request is made for all costs and reasonable and necessary attorney's fees incurred by or on behalf of Plaintiff herein, including all fees necessary in the event of an appeal of this cause to the Court of Appeals and the Supreme Court of Texas, as the Court deems equitable and just, as provided by: (a) §541.152(a)(1), of the Texas Insurance Code; (b) Chapter 38 of the Texas Civil Practice and Remedies Code; and, (c) common law.

### PRE-JUDGMENT INTEREST

41. As a result of the injuries sustained by Plaintiff as aforesaid and in addition to such damages, Plaintiff will show that Plaintiff is entitled to pre-judgment interest on each separate element of damages as awarded by the jury during the trial of this case, from and after the date of accrual of such damages, through the date of judgment, such interest to accrue at the highest prevailing rate then applicable on the date of judgment.

### POST JUDGMENT INTEREST

42. As a result of the injuries sustained by Plaintiff and in addition to such damages, Plaintiff will show that Plaintiff is entitled to post-judgment interest on damages awarded by the jury during the trial of this case, from and after the date of judgment, such interest to accrue at the highest prevailing rate then applicable until paid in full.

### COSTS OF SUIT

43. In addition, Plaintiff seeks all related costs of suit in this cause of action through the trial, post-trial, appeal, and/or post judgment discovery, etc. of this matter.

44. Wherefore, Plaintiff seeks reimbursement of court costs incurred in the trial of this case and thereafter.

### REQUEST FOR JURY TRIAL

45. Plaintiff respectfully requests that a Jury be impaneled on final hearing of this cause of action.

### PRAYER

46. **WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against

Defendant for and such other and further relief to which the Plaintiff may be entitled at law or in equity, whether pled or unpled.

## PLEADING IN THE ALTERNATIVE

### I. Jurisdiction and Venue

A. Plaintiffs incorporate herein all the FACTS as set forth on page 2 of the pleadings.

B. This action against Defendant arises under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1001, et. seq.

C. This Court has jurisdiction over this action pursuant to 29 U.S.C., §1132(c)(1).

D. Venue is proper in this District pursuant to 29 U.S.C., § 1132(e)(2), because this is where the insured resides.

### II. Additional Factual Background

E. Hector had an employee benefit plan (Plan) with his employer that provided Life Insurance benefits for its employees.

F. The Plan is alleged to be subject to ERISA.

G. At all times pertinent, Hector was an employee and was a participant of the Plan, within the meaning of 29 U.S.C., §1002(7).

H. Hector was killed in a car accident on February 18, 2020. Thus, both life insurance coverages apply to his death.

I. The beneficiaries under both policies are Plaintiffs Linda Contreras (Linda) and Raquel Arciniega (Raquel).

J. Linda and Raquel made claims for policy benefits and cooperated with the investigation of the claim.

K. In a written correspondence dated July 9, 2020, the claims for benefits were denied based on the assertion that Hector was not a full time employee as defined under the policy and that coverage would not have taken effect until March 1, 2020, which resulted in there being no coverage at the time of death on February 18, 2020.

L. The pay records show that Hector was customarily working 30 hours per week beginning the date he was hired, July 15, 2020, thus, the latest he would have coverage is September 1, 2020.

M. Pursuant to the policy "Employees are considered full-time if they customarily work: 30 hours per week" and that "An Employees is eligible for insurance on the later of the following dates: 1. The Group Policy's Effective Date March 1, 2019. 2. The first day of the month following the date the Employee completes 30 days of continuous employment with the Policyholder."

N.     The denial letter represents that the policy at issue is governed by ERISA.

O.     The plan, or at least the portion related to the life insurance coverages at issue here, are not self-funded. Rather, the employer funds them.

P.     The letter merely stated, "If your claim is governed by.... ("ERISA"), then you have the right to bring a civil action under ERISA § 502(a) following an appeal decision that is not in your favor."

Q.     The operative word is "If".

R.     Plaintiff's copy of the policy does not mention anything as to whether the plan is governed by ERISA nor does it mention Plaintiff's rights under ERISA.

S.     In a letter dated February 12, 2020, Plaintiff sought to have whether or not the plan was governed by ERISA to be clarified and to ask for additional time to file an appeal.

T.     Plaintiffs also sought from Defendant copies of Plan documents that would prove the Plan does comply with the requirements of it being an ERISA plan.

U.     All Administrative appeals have been exhausted.

### III.    Claim For Relief

V.     Plaintiffs are entitled to both Life Insurance benefits under the Plan and Hector has met the definition of "full-time employee" as contained in the Plan.

W.     Plaintiffs have complied with Plaintiffs' obligations to make proof of claim in accordance with the Plan's requirements and with subsequent appeals.

X.     The Defendant is not granted discretion or such discretion is void under Texas law. The standard of review is de novo and Defendant's decision to terminate Hector's benefits was arbitrary and capricious.

Y.     In the alternative, Defendant's decision to terminate Hector's benefits was arbitrary and capricious.

Z.     Pursuant to 29 U.S.C., § 1132(a)(1)(B), Plaintiffs seek from Defendant benefits that have not been paid to Plaintiffs.

### IV.    In The Alternative

AA.    Defendant selected and utilized biased consultants to review Plaintiffs' claim file.

BB.    Pursuant to 29 U.S.C., § 1132(a)(1)(B), Plaintiffs request that the Court award Plaintiffs benefits which have not been paid or in the alternative, remand this claim to Defendant so that it:

   1) Can identify the material necessary to perfect Plaintiffs' claims and the reason why such information is necessary, and

   2) Can eliminate any conflict of interest and utilize unbiased record reviewers.

## V.  Attorney's Fees Pursuant To 29 U.S.C. § 1132(g)(1) Against Defendant

CC.  Pursuant to 29 U.S.C., §1132(g)(1), Plaintiffs seek an award of Plaintiffs' reasonable and necessary court costs, and attorney's fees in connection with the prosecution of this action.

## VI.  PRAYER

Wherefore, Plaintiffs requests that the Court order:

DD.  Defendant to pay Plaintiffs the full employee benefits on Hector's behalf that were incurred and unpaid at the time of trial;

EE.  In the alternative, Plaintiffs' claim be remanded to Defendant to comply with ERISA and/or the Policy as discussed herein;

FF.  Defendant to pay Plaintiffs' reasonable attorney's fees incurred in pursuing recovery of benefits owed to Plaintiff;

GG.  Defendant to pay Plaintiffs pre-judgment and post-judgment interest, and

HH.  The Plaintiffs to recover the cost of this action and such other and further relief as the Court may deem proper under the circumstances.

In the Alternative,

## REQUEST FOR RELIEF - CLAIM FOR BENEFITS UNDER THE POLICY

II.  Plaintiffs incorporate herein all the facts as set forth above.

JJ.  Plaintiffs are entitled to both Life Insurance benefits under the Plan because there are no applicable exclusions.

KK.  Plaintiffs have complied with Plaintiffs' obligations to make proof of claim in accordance with the Plan including the appeal provisions.

LL.  The standard of review is *de novo* as the Defendant is not granted discretion and/or such discretion is voided by Texas Law §28 Tex Admin. Code §3.1201 *et seq*. Defendant's decision to deny Plaintiffs' claim was wrong.

MM.  In the alternative, Defendant's decision to deny Plaintiffs' claim was arbitrary and capricious particularly after receiving the materials Defendant received on Plaintiffs' appeal.

NN.  Pursuant to 29 U.S.C. §1132(a)(1)(B), Plaintiffs seek from Defendant those benefits, which have not been paid to Plaintiff.

**PRAYER**

OO. **WHEREFORE, PREMISES CONSIDERED**, Plaintiffs respectfully pray that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiffs against Defendant for and such other and further relief to which the Plaintiffs may be entitled at law or in equity, whether pled or unpled.

SIGNED on March 1, 2021.

                                              Respectfully submitted,

                                              /s/      Mark S. Humphreys
                                              Mark S. Humphreys   - SBOT #00789762

                                              MARK S. HUMPHREYS, P.C.
                                              702 Dalworth Street, Grand Prairie, Texas 75050
                                              Tel.  (972) 263-3722         *         Fax.  (972) 237-1690
                                              Email:   texaslaw94@yahoo.com
                                              **Attorney For Plaintiff**